Mississippi Central Railroad Co. *v.* Mrs. M. E. Walden.

[58 South. 538.]

Damages. *Injury to stock. Sufficiency of evidence. Value. Opinion evidence.*

> In a suit for damages for killing a cow, it was not error for the court to refuse to allow a witness to answer the question "what would be the value of a cow two and a half years old, light red in color and giving milk," as the question afforded no data from which the witness could have based an intelligent opinion as to value.

Appeal from the circuit court of Jefferson Davis county.

Hon. A. E. Weathersby, Judge.

Suit by Mrs. M. E. Walden against the Mississippi Central Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Truly, Ratcliff & Truly* and *H. S. Buescher,* for appellant.

During the trial of the case appellant's attorney attempted to introduce three of the jurors for the purpose of proving the reasonable market value of a cow such as described by plaintiff, which, however, was not permitted by the court. This, in our opinion, is a reversible error under the decision of this court in the case of *Bob White* v. *State,* 73 Miss. 50, in which Judge Whitfiled among other things says: "That a juror may be a witness on a trial before himself and his fellows is well settled." *Roy* v. *Horsley,* 25 Am. Rep. 540, note; and, "A juror may always be a witness for either party and still retain his seat as a juror." *Fellows case,* 5 Me. 335, etc.

*J. E. Parker,* for appellee.

It is insisted by the appellant that the trial court violated the rule laid down by the case of *White* v. *State,* 73 Miss. 50 in not permitting jurors in the case to testify. The record shows that no juror was refused to testify for the reason that he was a juror, but that the juror witnesses were incompetent to testify in the manner interrogated. For it is manifestly incompetent for any witness to be permitted to answer the hypothetical question, "I will ask you what would be the value of a light red cow, two and a half or three years old, giving milk, weight unknown." The question is too indefinite and uncertain to permit an answer thereto to be received in evidence. But we submit that the rule laid down in the White case, nor any other case would permit a party to a suit to interrogate a juror concerning his opinion of the evidence before him upon the matters to be decided by him, prior to his verdict.

Cook, J., delivered the opinion of the court.

Appellee recovered judgment against appellant for the sum of seventy-five dollars the value of a cow killed by appellant's locomotive. Liability is confessed; but complaint is made at the value of the cow, fixed by the jury. It is claimed that this error was brought about by the action of the court in misdirecting the jury as to the law. The court, in effect, instructed the jury that they were limited to one of two values, thirty dollars or seventy-five dollars. It is further insisted that there was evidence warranting the jury to fix the value of the cow at twenty-five dollars.

In our opinion, the evidence fully justified the verdict of the jury; in fact, there was no other verdict the jury could have rendered. Only one witness, qualified to testify, fixed the value of the cow, he being the only witness who knew the cow before she was killed, and he fixed her value at seventy-five dollars. The other witnesses whom

the court permitted to testify had never seen the cow be-
fore she was killed, and not until after she had been
mutilated; consequently they knew nothing about the
qualities of the animal.

Members of the jury, sworn as witnesses for defend-
ant, were not permitted to testify, and the rejection of
their testimony is assigned as error. They were asked:
"What would be the value of a cow two and one-half
years old, light red in color, and giving milk?" This
question afforded no data upon which the witnesses
could have based an intelligent opinion as to value, and
the court was right in sustaining an objection to this
testimony.

If there was error at all, it consisted in the court in-
structing the jury that they could find either thirty dol-
lars or seventy-five dollars. In our opinion, the court
ought to have peremptorily instructed the jury to find
for the plaintiff, and assess the damages at seventy-
five dollars.                                    *Affirmed.*